## Case No. 3,294.

### COWELL v. The BROTHERS.

[Bee, 136.] [1]

District Court, D. South Carolina. March Term, 1799.

SALVAGE AGREEMENT—VESSEL IN DISTRESS.

Agreement, made in distress at sea, void. Salvage due, and quantum fixed by court.

BEE, District Judge. The brig Brothers, on her passage from Lisbon to Baltimore, had encountered a succession of dreadful tempests from the 12th to the 30th of December last, when she became a mere wreck, and was prevented with difficulty from foundering. For more than three weeks after this, the crew suffered all that human nature could endure; their provisions were expended, they had subsisted for nine days upon the flesh of a cat, and had actually salted one of the crew, who died of hunger and fatigue, as the only remaining means of preserving themselves from famine. Two of the crew had been washed overboard. In this situation, Cowell fell in with them, sent them a supply of biscuit, and requested them to quit their vessel, and come on board his; offering to convey them to port without any expense. The captain of the Brothers, however, prevailed on him, after some time, to take the vessel in tow, stipulating that, upon her arrival in port, Cowell should receive one half of the value of ship and cargo, as a compensation. This agreement was reduced to writing, signed by the captains, and witnessed by their mates. From this time to the 8th of February, Cowell supplied them with provisions and water. On the 6th the cable, by which the Brothers was towed, gave way, but was again fastened. But on the 8th it parted a second time, and the sea ran too high to allow of its being any more got on board the wreck. Indeed, it was proved that in so boisterous a night no vessels could keep together. These, therefore, separated, and did not again see each other. They were now in soundings, and within ninety miles of land. The brig continued to drift for nine days longer, when she fell in with a vessel from New-York, who informed the captain that he was close in with Bull's bay. He cast anchor,

---

[1] [Reported by Hon. Thomas Bee, District Judge.]

and continued in that state for four days, when he was piloted into the bay by a coaster. Here the brig received some repairs, and on the 4th of March, arrived in this harbour. Captain Cowell has very properly relinquished the written agreement, and applies to this court for such compensation as his services may appear to deserve. On the other hand, the respondent who, by his claim and answer, at first endeavoured to set aside the agreement as void in law, and resisted all compensation as void in law, and resisted all compensation for conduct which he called inhuman, has, by his counsel, acknowledged the right to salvage, and submits the amount to the decision of the proper tribunal. There cannot be a doubt that Cowell was an instrument, in the hands of providence, of saving this vessel from destruction. From the 12th of December to the 27th of January, they had not seen a single sail. From thence to the 8th of February, Cowell's vessel, by which they were assisted and taken in tow, was the only one they saw. It is evident, therefore, that they must have perished, for they had been seven days without provisions when he met with them, and could not have subsisted thirteen days longer. Salvage being thus evidently due, I shall proceed to consider the quantum. As to the agreement, it is wholly void, at law, as having been made under circumstances of distress. The service rendered upon this occasion was as great as the crew could receive; nor is it at all probable that the vessel would have been saved by any other means. Cowell too risqued much in the attempt; for his ship was actually injured, and the delay of towing rendered him additionally exposed to capture, and to the forfeiture of his insurance. He failed indeed in bringing the brig into port; but not till he had done all that was possible. He brought her into soundings, within ninety miles of land; and the supplies she received from him enabled her crew to sustain the fatigue of nine subsequent days, after the separation. Upon their arrival in this port, they had plenty of wine on board, and some of the beef, with which Cowell had supplied them.

This brig and cargo have been valued by appraisers duly appointed at 8,900 dollars. From this sum various deductions must be made for duties, &c. leaving a balance of 4,855 dollars, as net proceeds of the vessel and cargo. One fourth of this balance is 1,213 dollars without the fractions. From this deduct 295 dollars for supplies furnished by the New-York captain at the entrance of Bull's bay, and for the amount due to the pilot; the remaining sum of 918 dollars I decree as salvage to Captain Cowell. I also order that he be paid for the articles he supplied at sea, according to the rate at which they may be replaced here. Let the claimant pay the costs of suit.